## David Fiske *versus* Thomas Witt, Principal and Abraham Moore, Trustee.

One summoned under the trustee process, made answer, that certain negotiable notes had been left with him by the defendant for collection, and that he had given an accountable receipt promising to account for the proceeds to the defendant or bearer ; that a part of the notes had been collected and was in the hands of the respondent at the time of the service of the writ ; and that he had been called upon to pay the whole of the proceeds to one R, who produced the receipt, claiming to be the bearer.   It was *held*, that the receipt was not a negotiable security, because not a promise to pay a sum certain ; and as it did not appear that it had been duly assigned before the service of the trustee process, the respondent was charged as trustee.

This case was submitted without argument.
*Fletcher* and *Sewall*, for the plaintiff.
*Moore, pro se.*

Fiske
*v.*
Witt & Tr.

*April 1st.*

SHAW C. J. delivered the opinion of the Court. The trustee discloses, that there were left with him for collection, a number of notes, originally payable to the firm of Fiske & Witt, and by them indorsed. The first set of answers would leave it a little doubtful whether the notes were thus left by Witt, the principal defendant in this suit, though he was present at the time with two other persons. But the trustee states in a subsequent answer, that he gave an accountable receipt for the same, promising to account for the proceeds to Thomas Witt or bearer. Some part of the contents of these notes was collected, and in the hands of the trustee, at the time of the service of the writ. The trustee further states, that he had been called upon to pay the whole of the proceeds of these notes, to Thomas A. Rust, of Richmond, Virginia, who produced the receipt, and claimed to hold the same for valuable consideration, and to be the bearer.

It seems to be very clear, that though the receipt thus given, was payable to Witt or *bearer*, still it was not negotiable, because not a promise to pay a sum certain. The trustee is therefore not within the exemption of the statute, as one having given a negotiable security. Revised Stat. *c.* 109, § 30; *St.* 1794, *c.* 65, § 12. He is therefore chargeable, unless the debt or chose in action had been duly assigned before the service of the trustee process. But supposing that Rust claims the proceeds as assignee, he has been summoned to maintain his assignment, in the manner directed by the other branch of the statute, to contest the title with the plaintiff, and has thereupon made default. The conclusion of law is, that the assignment cannot be supported, and therefore the trustee is to be charged on his answer.